UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81248-CIV-HURLEY

**MARTIN O'BOYLE,**
    **plaintiff,**

vs.

**WILLIAM H. THRASHER,**
**GARRET WARD, and**
**TOWN OF GULF STREAM,**
    **defendants.**
_____/

**FINAL ORDER OF DISMISSAL WITH PREJUDICE**

**THIS CAUSE** is before the Court upon the defendant's motion to dismiss the plaintiff's amended complaint for failure to state a claim filed January 14, 2015 [ECF 20] and the plaintiff's response in opposition filed February 2, 2015 [ECF 21].

Having carefully considered the plaintiff's amended complaint, the court has determined that the plaintiff fails to state a claim upon which relief may be granted, and that plaintiff can allege no set of facts which would establish a Fourth Amendment violation or state law battery claim arising out of the incidents described in the complaint. Accordingly, the case shall be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

**I. Facts**

The plaintiff's amended complaint [ECF 16] describes the following two interactions between plaintiff Martin O'Boyle ("O'Boyle") and officials employed by the Town of Gulf Stream.

First, O'Boyle alleges that on July 15, 2014, he entered the office of the Town Clerk accompanied by a "clean air technician" he had retained to take air samples in the Town Hall [Amended Complaint, ¶19]. O'Boyle was also accompanied by an assistant who carried videotaping

equipment inside the building to film O'Boyle's activities in the building [Amended Complaint, ¶9]. As authorization for this activity, O'Boyle presented Police Chief Garrett Ward (Chief Ward) and Town Clerk Rita Taylor with a copy of "a court order from Atlantic County, New Jersey concerning [his] ability to videotape while in public buildings" [Amended Complaint, ¶ 10]. Chief Ward asked to inspect the Order, and O'Boyle handed him the document [Amended Complaint, ¶ 11].

When Chief Ward next attempted to make a copy of the New Jersey order, O'Boyle "immediately and unequivocally instructed [Chief Ward] that he did not consent to have the document copied, only inspected and returned," and attempted to physically retrieve the Order from Chief Ward before it could be copied [Amended Complaint ¶ 12, 15]. As O'Boyle attempted to take the document, Chief Ward allegedly grabbed O'Boyle's "right-hand wrist and forearm to prevent [him] from retrieving the document," but O'Boyle was able to use his free left hand to grab the document before it was copied [Amended Complaint, ¶15-16]. According to O'Boyle, Chief Ward became upset and "shoved [O'Boyle] with his whole body almost knocking him onto the sharp edges of a nearby desk." [Amended Complaint ¶16]; Chief Ward "then grabbed plaintiff's right wrist and elbow with both hands and forcibly ejected the plaintiff from the copy machine area," [Amended Complaint ¶17], advising O'Boyle that "he was being disruptive and that he would be arrested if he did not immediately leave the building." [Amended Complaint 18].

On another occasion, September 8, 2014, O'Boyle entered the Town Hall "to conduct public business, mainly inspect and/or attempt to retrieve public records" [Amended Complaint ¶56], again "accompanied by his associate who filmed the interaction" [Amended Complaint ¶57]. He was then approached by Town Manager William Thrasher who "became irate with plaintiff regarding a discussion about public records." [Amended Complaint ¶58]. O'Boyle claims that "[a]t one point,

[Town Manager Thrasher] took an aggressive 'pre-combat' stance and extended his arm towards [O'Boyle's] chest as if he were going to push and make contact with [O'Boyle's ] left breast. [Amended Complaint ¶ 59].  Instead of shoving, Town Manager Thrasher allegedly "extended his finger and brought it close to [O'Boyle's] body, within an inch or so of [O'Boyle's] chest [Amended Complaint ¶60].  Thrasher allegedly demanded to know if he was being recorded, and "began to repeatedly harass Mr. O'Boyle's associate in a rude and demeaning tone regarding the recording." [Amended Complaint , ¶60].  O'Boyle himself then took the video camera to begin recording Mr. Thrasher's actions, at which point Thrasher allegedly "stuck his nose into the camera making contact with the camera and thus [O'Boyle]." [Amended Complaint ¶63].

On this predicate, O'Boyle brings federal claims under 42 U.S.C. §1983 against Chief Ward based on alleged Fourth Amendment violations arising from the unlawful seizure of his property and his person [Counts 3, 4], and corresponding claims against the Town of Gulf Stream based on those alleged Fourth Amendment violations [Count 5, 6].  O'Boyle also asserts state law claims for assault and battery against Chief Ward arising out of the July, 2014 copy room incident (Counts 1, 2) and an assault claim against Town Manager Thrasher arising out of the September 2014 finger-pointing, "pre-combat stance" and camera face-thrust incident  (Count 7).

**II.  Standard of Review**

A complaint is subject to dismissal under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted."  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id* .

When considering a motion to dismiss for failure to state a claim, the court must accept all allegations in the complaint as true and construe the facts in the light most favorable to the plaintiff. *Lopez v. Target Corp.*, 676 F.3d 1230 (11th Cir. 2012). However, the court is not bound to accept as true " a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id. See also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) ("[U]nwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations").

### III.  Discussion

### A.  § 1983 Claims against Chief Ward

### 1.  Seizure of Property

O' Boyle  asserts Fourth Amendment claims against Chief  Ward and  he Town  based on (1) Chief's Ward's alleged "seizure" of his property, by way of the Chief's failure to immediately return the New Jersey court order after O'Boyle "terminated his consent" for the Chief to inspect it (Counts 3, 4 ) and (2) Chief Ward's alleged "seizure" of his person, by way of Chief Ward's touching of O'Boyle's wrist and elbow, and physical escort of him away from the copy machine after O'Boyle attempted to retrieve his document  (Counts 4, 6).

As a threshold matter, the court finds that Chief Ward's momentary taking of O'Boyle's copy of the New Jersey court order, immediately at that moment in time where O'Boyle "withdrew" his consent for Ward to possess it, does not constitute an unreasonable seizure of the plaintiff's property within the meaning of the Fourth Amendment. The fact that O'Boyle chose to temporarily surrender the document to Chief Ward, to justify his filming activity, is one factor weighing in favor of the reasonableness of the seizure. *Washington v. Chrisman* 455 U.S. 1, 9-10, 102 S. Ct. 812, 70 L.Ed.2d 778 (1982) (owners consent to seizure of property is important factor in establishing reasonableness of seizure). The short duration of Chief Ward's seizure of the document also weighs in favor of the reasonableness of the taking. *United States v. Place*, 462 U.S. 696, 709, 103 S. Ct. 2637, 77 L.Ed.2d 110 (1983) ("[t]he brevity of the invasion of the individual's Fourth Amendment interests is an important factor in determining whether the seizure is so minimally intrusive as to be justifiable").

Chief Ward's alleged seizure of the document lasted only as long as the interval between O'Boyle's statement that he was withdrawing his consent and his successful retrieval of the documents from the copy machine – a matter of seconds. On this point, O'Boyle alleges that Chief Ward "was less than 2 seconds away from copying the paper when [he] acted." [Complaint 31]. Based on O'Boyle's description of incident, Chief Ward's temporary retention of plaintiff's document – following plaintiff's initial voluntary surrender of it – was reasonable even if mistaken. *See e.g. United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1160-62 (9th Cir. 2007) (no seizure when package was detained ten minutes because recipient was not deprived of possessory interest and interference was minimal); *United State v. Lovell*, 849 F.2d 910, 916 (5th Cir. 1988)(no seizure of luggage when it was briefly detained because no interference with possessory interest).

5

## 2. Seizure of Person

Not every interaction between citizens and the police constitutes a seizure under the Fourth Amendment. A Fourth Amendment seizure occurs where a police officer detains an individual, even briefly, and restrains that person's right to walk away. *West v. Davis,* 767 F.3d 1063 (11th Cir. 2014*); Swartz v Insogna,* 704 F.3d 105 (2d Cir. 2013). Put another way, a person has been"seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States Mendenhall*, 446 U.S. 544, 554 (1980). *See also California v. Hodari D.*, 499 U.S. 621, 111 S. Ct. 1547, 113 L.Ed. 2d 690 (1991) (refining *Mendenhall* rule to require either physical force, or submission to the assertion of authority).

In making a determination of whether a reasonable person would have believed that he was not free to leave, courts may look at "the threatening presence of several officers; the display of a weapon; the physical touching of the person by the officer; [and] language or tone indicating that compliance with the officer was compulsory." *United States v. Glover*, 957 F.2d 1004, 1008 (2d Cir. 1992), citing *United States v. Lee*, 916 F.2d 814 (1900).

In this case, O'Boyle alleges that Chief Ward grabbed his wrist and elbow before physically escorting him away from the copy machine area, told him he was being disruptive, and that he would be arrested if he did not immediately leave the building [Amended Complaint 18]. Construing the complaint in the most favorable to plaintiff, it appears that Chief Ward was merely attempting to move O'Boyle away from the copier and out of the building. Once plaintiff was moved away from the copier, he was released and was not prevented from going anywhere he wanted, except back toward the copy machine or into the building. O'Boyle does not allege that any of his personal

6

belongings were confiscated, which might have prevented him from leaving and thus implicating a possible "seizure." *See e.g. United States v. Lee*, 916 F.2d 814, 819 (2d Cir. 1990) (prolonged retention of a person 's personal effects may suggest seizure).

The court concludes that this "soft-hand control," of the plaintiff, as described in the complaint, does not amount to a seizure under the Fourth Amendment. *See e.g. Sheppard v. Beerman*, 18 F.3d 147 (3d Cir. 1994), *cert. den.*, 513 U.S. 816 (1994) (rejecting claim that fired law clerk had been"seized" when court officers removed him from judge's chambers and escorted him from courthouse); *Maxwell v. City of New York*, 102 F.3d 664 (2d Cir. 1996) (refusing entrance does not constitute a seizure); *Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004); *Posr v. Killackey*, 2003 WL 22962191 (S.D.N.Y. 2003) (no "seizure" where videographer attempting to tape a family court proceeding was escorted from the courthouse, released, and prohibited from reentering).

Since their was no seizure of plaintiff's property or person, it is unnecessary for the court to address whether Chief Ward is protected by qualified immunity for his actions, or whether the complaint alleges sufficient facts to implicate municipal liability of the Town for the conduct of Chief Ward. Finally, to the extent plaintiff seeks to interpose an excessive force claim, that claim also fails because he was not seized. *Graham v. O'Connor*, 490 U.S. 386, 394 (1989).

Accordingly, the defendants' motion to dismiss the federal claims against Chief Ward and the Town of Gulf Stream based on alleged Fourth Amendment violations is granted with prejudice.

### B. State Law Assault and Battery Claims

The defendants move to dismiss the remaining state law claims of assault and battery against Chief Ward and Town Manager Thrasher on ground of statutory immunity under § 768.28(9),

Florida Statutes. Under this statute, an individual officer or agent of the state cannot be held personally liable in tort or named as a party defendant unless the officer acted in "bad faith" or with "malicious" intent.

Although the amended complaint contains conclusory allegations which track this statutory language [Amended Complaint ¶¶ 22, 26, 66, 70 and 75], these threadbare recitals of § 768.28 liability are insufficient to meet the pleading requirement of *Iqbal*. The court is charged with the obligation of determining whether it may be reasonably inferred from the factual allegations in the complaint that Ward or Thrasher acted in bad faith, with a malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property. A careful review of the allegations of the complaint in this case does not permit such an inference.

Accordingly, the court finds that plaintiff's allegations of "bad faith" and "malicious" conduct are insufficient to survive a motion to dismiss under *Iqbal. Brivik v. Law*, 545 Fed. Appx. 804, 807 (11th Cir. 2013); *O'Connor v. Carnahan*, 2014 WL 293457 (N.D. Fla. 2014). Accordingly, the defendants' motion to dismiss the state law assault and battery claims with prejudice based on statutory immunity under § 768.28 (9) is granted.

## IV. Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED:**

The defendants' motion to dismiss the plaintiff's amended complaint [ECF 20] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** for failure to state claim upon which relief can be granted. Fed. R. Civ. P. 12(b).

**DONE and SIGNED** in Chambers at West Palm Beach, Florida this 5th day of February, 2015.

                                              Daniel T.K. Hurley
                                       United States District Judge

cc.

All counsel